UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $26,480.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| $4,000.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANTS: WILSON ALGARIN; CLAUDIA VELANDIA] | : | December 3, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendants are $26,480.00 in United States Currency and $4,000.00 in United States Currency ("Defendant Assets").

4. The Defendant Assets are located within the jurisdiction of this Court.

5. On September 4, 2018, Wilson Algarin submitted an administrative claim of

ownership to the $26,480.00 in United States Currency.  Also on September 4, 2018, Claudia Velandia submitted an administrative claim of ownership to the $4,000.00 in United States Currency.

## Background of Investigation

6. Beginning in March, 2018, law enforcement received information from a confidential source ("CS") that an individual named "Willy" was selling kilogram quantities of fentanyl in and around the city of Hartford, CT.  Law enforcement identified Willy as William Dejesus Valerio-Palermo ("Valerio-Palermo").  The CS told law enforcement that Valerio-Palermo received multiple kilograms of fentanyl on a monthly basis and that he breaks these kilogram amounts into smaller quantities for re-sale to mid-level dealers in Hartford.  The CS told law enforcement that Valerio-Palermo owns an automobile business and that he uses drug proceeds to purchase vehicles at auction.  The CS further stated that Valerio-Palermo has hidden compartments within these vehicles to transport narcotics and bulk amounts of United States Currency.

7. In the beginning of May, 2018, the CS provided additional information to law enforcement.  The CS said that approximately two weeks earlier, Valerio-Palermo had shipped a vehicle to the Dominican Republic, which contained $500,000 in United States Currency.  The CS also reiterated that Valerio-Palmero received fentanyl on a monthly basis and pays between $48,000 and $50,000 per kilogram.

8. On June 6, 2018, law enforcement was monitoring the location of Valerio-Palermo's cellular telephone and learned that he was travelling north from the New York/New Jersey geographical area to Connecticut.  Law enforcement also received information from a

Title III wire intercept in which an individual named Jimmy Flores was discussing with an unidentified male how an individual was travelling from Pennsylvania for the purposes of conducting a narcotics transaction. Flores is known by law enforcement as a trafficker of narcotics, particularly fentanyl, in the Greater Hartford area. Law enforcement believes that Valerio-Palmero is Flores' fentanyl source of supply. Law enforcement believed that Valerio-Palmero was the individual travelling to Connecticut. Law enforcement received further confirmation of this from the CS, who told law enforcement that Valerio-Palermo was in fact travelling from Pennsylvania to Connecticut on this day.

9.    A short time later on June 6, 2018, law enforcement established surveillance at several areas Valerio-Palermo was known to frequent, including his automotive business located at 241 Ledyard Street, Hartford, CT.

10.    At the 241 Ledyard Street location, law enforcement observed a white Dodge Ram arrive at this location. From monitoring Valerio-Palermo's cellphone location just prior to the Dodge's arrival, law enforcement discovered that Valerio-Palermo was approaching the Ledyard Street location. Further, law enforcement knew that Valerio-Palmero frequently operated a vehicle identical to the white Dodge Ram. Approximately one-half hour later, law enforcement observed a black Toyota Solara arrive at the automotive business and park. One-half hour later, law enforcement observed the Toyota depart 241 Ledyard Street and travel to 470 Tolland Street, East Hartford, CT. At this time, law enforcement identified the driver of the Toyota as Wilson Algarin ("Algarin") and the front seat passenger as Christian Rivera ("Rivera").

11.     Law enforcement next observed Algarin approach the trunk of a brown Buick, which had parked close to the Toyota, and engage in conversation with an unidentified male. Algarin then shook the hand of the unidentified male, closed the trunk of the Buick and departed the area driving the Buick.

12.     Law enforcement executed a motor vehicle stop of the Buick for exceeding posted speed limits in the Burnside Avenue area of East Hartford.  Algarin told law enforcement that he had just come from a car detailing business down the street and that he was by himself at that time.  Algarin said that he was going to meet his girlfriend at a restaurant but was unable to provide the girlfriend's date of birth even though they had been together for five years, or where she lived, despite telling law enforcement that he had stayed at her residence on three occasions. Law enforcement asked Algarin if they could search the Buick but he refused to give them his consent to search the vehicle.

13.     Law enforcement called in a canine officer along with his canine who was trained in narcotics detection.  The canine alerted positively to the presence of narcotics odor in the trunk, the driver's side door handle, and the passenger's side door handle.  Based on these positive alerts, law enforcement conducted a search of the Buick.

14.     Incident to the search of the Buick, law enforcement discovered $26,480.00 in United States Currency inside the trunk in a black backpack.  Algarin was unable to tell officers exactly how much money was in the backpack, first telling them the backpack contained $20,000 and then telling them it contained $28,000.  The currency consisted of mixed denominations and was bound with small black rubber bands which are frequently used in the packaging of street

4

level quantities of narcotics.  The canine also alerted positively to the odor of narcotics on both the currency and the backpack.

15.     While law enforcement searched the Buick and the backpack, surveillance was being maintained by fellow law enforcement on the Toyota parked at 470 Tolland Street, East Hartford.  Law enforcement at that location observed Rivera (the individual who was the passenger in the Toyota earlier) approach the Toyota and retrieve a package from the Toyota.  He then handed the package to the occupants of a gray minivan which was also parked at this address. Law enforcement was able to identify the occupants of the minivan as Yesenia Rivera-Diaz (the wife of Rivera) and Claudia Velandia (the girlfriend of Algarin).

16.     Law enforcement approached the minivan and asked Rivera what was in the package that he had just provided to the occupants.  Rivera stated that it was an envelope but that he did not know what was inside of it.  Rivera told law enforcement that his friend Wilson (Algarin) owned the Toyota.  Law enforcement next asked Velandia what was in the envelope and she replied that there was money in it.

17.     Velandia handed the envelope to law enforcement.  Velandia told law enforcement that the currency was hers but she was unable to say how much money was in the envelope or why it had been left in the Toyota.  Velandia said that she was not employed because she watched her children.  Law enforcement asked Velandia what Algarin did for a living and she stated that he owned a car dealership in Florida.  However, she was unable to tell law enforcement where in Florida Algarin's car dealership was located. The law enforcement canine arrived at the location and alerted positively to the presence of narcotics on the envelope, the

currency, several areas on the exterior of the Toyota, and the center console area of the Toyota's interior.

18. A check with the State of Connecticut Department of Labor ("DOL") revealed that Claudia Velandia had reported wages of $4,220 for 2015 and no reported wages for 2016, 2017, or 2018. A DOL check for Wilson Algarin reported no wages for him in the last 16 quarters.

19. Based on the above information, it is believed that $26,480.00 in United States Currency and $4,000.00 in United States Currency constitute proceeds from the illegal sale and distribution of narcotics and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for $26,480.00 in United States Currency and $4,000.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

     /s/ John B. Hughes
    JOHN B. HUGHES
    CHIEF, CIVIL DIVISION
    ASSISTANT U. S. ATTORNEY

                    */s/ David X. Sullivan*
DAVID X. SULLIVAN
ASSISTAN U.S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct03793
David.Sullivan@usdoj.gov

## DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of December, 2018.


    */s/ Jeffrey D. Poulin*
JEFFREY D. POULIN
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION